Final case on the calendar for argument is Lugo v. City of New York, No. 18-2562. Good afternoon. May it please the Court, my name is Robert Rickner, and I represent the appellant Jorge Lugo. Mr. Lugo was arrested on the street without a warrant, so under the Fourth Amendment, the officers had the burden of proving at the civil rights trial that there was probable cause for his arrest. Therefore, under the Seventh Amendment, the specific crime provided probable cause. Instead, the jury instructions stated, and I quote from A. 256, you do not need to be unanimous on which crime provided probable cause to arrest. This is a fundamental error that goes to the integrity of the trial. So, even though it was not objected to below, you may consider it today, and you may consider the prejudice that that error caused in combination with the error that was preserved below regarding the sufficiency of the evidence to even charge the three crimes. All right. Now, there's three things that are going on at the same time here. First of all, you conceded there was probable cause for the obstruction of government administration, right? You conceded that in your brief, right? I conceded, if you believe, Detective — Sergeant Beckel's testimony, which was contradicted by the other officers, that my client entered the police van, then I would say, yes, there is probable cause. There was probable cause for at least one of the crimes. You didn't — there was no objection to the unanimity, lack of unanimity instruction, and there was no request for any type of special interrogatory or special verdict. So why, under our case in Morse, haven't you weighed this argument because you didn't object? The combination of not objecting to that lack of unanimity instruction and not asking for a special verdict didn't preserve it. I disagree, Your Honor. As far as preserving the unanimity issue, as I said, it's a fundamental error, and therefore, it can be considered even without an objection below. And as to the special interrogatories, this is a unique case where the jury was not asked to make a determination as to each of the three crimes they were charged with for probable cause. You could have said to the judge, Judge, we just wanted one question because we don't believe these other two crimes are sufficient, no evidence of them. You shouldn't be instructing them on this lack of unanimity thing. We just want — you asked the jury, did you unanimously agree that he — there was probable cause for obstruction of governmental administration? If the answer is no to that, then we would know that at least some of them came to the court. And there's no reason you couldn't have asked the judge to ask that question, right? I actually think there is a reason I couldn't have asked that. That's because the special interrogatories speak to a jury making a decision, a jury answering a special interrogatory. The question is asking the whole jury, the whole jury, jury, the whole jury, did you agree unanimously that there was probable cause for government administration — obstruction of government administration? If the answer is yes, we wouldn't be here, right? If the answer is no, then you have an argument that they reached a conclusion on the other ones that you have an issue with. Not one case that either side has found has ever said that you can ask a special interrogatory that says, even though you weren't required to decide this unanimously, we'd still like to inquire as to this. That is a unique phrasing. It's never been issued by any court, as far as I can tell, and therefore, I think that there's some fundamental unfairness to ask counsel at trial to come up with a new procedure that no one else has ever employed in order to preserve an objection that was discussed for, frankly, many pages on the record. So — And what is the predicate for your argument that the jury must be unanimous about the basis for probable cause? You know, in the criminal context, we don't have — we don't require unanimity of a jury on so-called preliminary factual issues that underlie a verdict. There can be, you know, differences of view about methods for committing, you know, subsidiary offenses and so on. Why is — if that applies in the criminal context, why doesn't that apply here? I think it does apply in the criminal context, and the way it applies in the criminal context and the way it should apply here is dictated by Shod v. Arizona, where the Supreme Court's ruling line between preliminary facts and individual charges that have to be given is the specific charge itself. And I'll give an example. Let's say there are multiple different ways that somebody is alleged to have committed OGA. The jury, I argue, would have to decide unanimously OGA was committed. They would not have to decide unanimously as to which, let's say, hypothetical three different actions actually committed the OGA. But if there are three different ways in which the officers might have had probable cause to arrest, why do the jurors have to be unanimous about which way, if they each think that there's one that — and, you know, several officers are involved? I don't understand why a general finding of probable cause, even if they have different factual predicates, is akin to a preliminary factual question. Well, I think that the Fourth — I think that the Fourth Amendment demands more. I think that in a Fourth Amendment context, an officer can't make an arrest based on a general idea that a crime is committed. And when you allow — If three different officers have three different senses of what constitutes probable cause and the jury agrees that each of them might have been sufficient, why don't they all have to agree that one is — you know, that it's all interference with government administration as opposed to resisting arrest or what have you? Well, I still think that they need to have one set of objective facts that outlines a crime and that they need — the jurors all need to decide which crime that is. And so the question ultimately is, are each — is each crime a preliminary factual issue that goes into the overall determination of probable cause, or is each crime a preliminary factual issue that goes into the overall determination of probable cause, and that's, in fact, three freestanding defenses under the Fourth Amendment? And I believe that in order to avoid really fuzzy thinking, to — in order to avoid a jury saying, well, look, something must have happened here, even if we don't all draw the line, I think that overall Fourth Amendment consideration needs to be taken into account and that the better decision is to say that these — each crime is not a preliminary factual issue that goes into probable cause, but rather following the analogy in Schad that each crime is charged separately. There was no evidence of those other two crimes other than the voided report, and if the judge correctly instructed them as the elements of all three crimes, which I think you can see there was nothing wrong with the instruction itself, right, in terms of the elements, right? He got the elements correct for all three of them. That's correct. Okay. So why shouldn't we assume that the defense counsel didn't even mention those crimes — mentioned one of the other two crimes in passing and didn't mention the other crime at all in the summation? Why should we assume the jury incorrectly applied the law to those other two crimes rather than found sufficient evidence for the one that there was sufficient evidence for clearly on the record? Why should we assume that they had a proper instruction and no evidence, and yet they found they had probable cause on those two? There are two answers to that question. One, the defense counsel, in fact, emphasized in summation that disorderly conduct was committed because my client failed to move along. That points to only half the disorderly conduct statute, and in fact, only the half of the facts that were in the charge. So I believe I'm out of time. You'll have two minutes for rebuttal. Okay. Okay?  We'll hear from Ms. Ravitch, please. Good afternoon, Your Honors. I'm Ellen Ravitch, and I'm here on behalf of the defendants. There are two different charges here that the plaintiff is complaining about, and the Court has touched on both of them already. The first one is about charging disorderly conduct, and as the Court has already pointed out, this was not preserved. It's plaintiff's contention that it was impossible to ask for a special interrogatory, but as Judge Bianco has pointed out, he very well could have asked for the judge to create questions so that he could have seen if the jury had been unanimous on each of the different charges, and then he would have known if he had an issue. He didn't do that. He should have taken advantage of what the rules allow for, and he should not be able to now raise that issue here. In any case, this was, on his theory, clearly harmless error, because if, in fact, as he believes, there was no evidence supporting either of the disorderly conduct charges, then this Court can be sufficiently confident that the jury reached its decision based on the evidence that there was, that he concedes was sufficient to support OGA. On the unanimity, this Court can review for plain error, even though there was no objection, and it is our contention that the instruction was properly given based on the law of Devin Peck and many cases from this Court that have upheld the Supreme Court's ruling that probable cause to arrest can be for any crime, not any specific crime. So if different jurors can come to the conclusion of probable cause based on different facts, just as a finding in a criminal trial can be based on different facts, as long as the elements are met, then they can find probable cause. They are not required to get there in the same factual way as each other, just all to get there, and the judge was very clear in his charge on that. In addition, even if that was in error, which I will also point out that in the Stern case, which is not cited in our brief, but it was a case decided by this Court in 2016, 665 Fed appendix, it's a summary order, appendix 27, in that case, you also had the same charge about that the jury didn't have to be unanimous on probable cause. It was also the same charges, and this Court dismissed unharmless error, but did say that it was doubtful that he could pursue the claim because he had not asked for special interrogatories, which would have been exactly the same here, sort of acknowledging that he could have asked for special interrogatories in that case. But in any case, again, on harmless error, again, on the theory that there was no evidence supporting the other claims, it's really quite clear that the jury made its decision because they believed the defendant's story that Mr. Lugo, who admitted that he crossed over the street several times, three of the officers said that he was in their workspace. They didn't all remember it the same way. Sergeant Beckel saw him put a foot up on the van. Nobody contradicted him on that. They just said they didn't see it. They were busy processing an arrest. So plaintiff keeps saying that the other officers contradicted Sergeant Beckel, but nobody contradicted him. They just said they didn't see that. But in any case, they were consistent in that they saw him get in their workspace where they were processing another arrest, and clearly the jury believed their version of the story and not his, that he was not in their way, not interfering, and just was arrested for doing nothing. So I think there are several different ways that this court could affirm here, and we would ask that you do that. Thank you. Thank you very much. Mr. Rickner, you have two minutes of rebuttal. Thank you. I'd like to continue to address the issue of harmless error, where essentially I think the argument is that the jury should have figured out that there wasn't enough in the record to support two out of the three charges. And I think that that in some way alters the traditional role of the judge and jury because the judge decides essentially what goes on the menu, what are the permissible options for the jury. And then the jury, I believe, implicitly understands that if the judge charges them, that then that is one of the permissible options, that that could be supported by the record. And because of that, I don't believe you can consider the error here to be harmless. The judge never said, well, jury, it is possible that the facts don't fit any of these And there's no possible reading of the facts that would submit any of these crimes. A criminal case, Rule 29, a judge in a criminal case could reserve the issue of Rule 29, let all the counts go to the jury, right? So let's say there were three counts that went to a jury in a criminal case. There was no evidence of two counts, but the judge in an abundance of caution is going to let all three counts go to the jury. If the jury finds the defendant guilty of the count that had all the evidence on it, we don't say, well, the judge shouldn't have given them the other two counts. It must have affected their decision as to the count there was sufficient evidence of. So even in criminal cases, we allow a judge to submit counts to a jury and reserve on whether there's enough evidence or not, right? We don't assume the jury got all mixed up because there was something they got that didn't have a lot of evidence, is what I'm pointing out. But in that instance, each count would have been charged separately and the jury would have made a unanimous decision as to each count. So that analogy doesn't apply here. Well, it's on the issue of harmlessness, though. You're saying this wasn't harmless because the jury might have done this. The issue of whether they were unanimous or not is a different issue. The argument is it's harmless because there was no evidence really offered on the other two. That's really the argument. But that's because the jury was charged separately with each crime, and therefore you can look at the record and say they found on the crime that was supported by the record, so therefore the other two are harmless. And conversely, if they had found on one of the charges that was not supported by the record, potentially there would be a directed verdict or a successful appeal by the criminal defendant.